## H. F. SMITH v. THE STATE.

### No. 4268. Decided February 12, 1908.

**1.—Embezzlement—Contemporaneous Transactions—Charge of Court.**

Where defendant was indicted for the embezzlement of a horse and the evidence showed that he took the said horse in part payment for a piano, which he sold for his principal, and that at the same time he took two notes, also in payment of said piano, and made said notes payable to himself, and cashed the same, there was no error in the court's charge, that the taking of said notes could be considered upon the question of the defendant's fraudulent intent to appropriate the said horse; to rebut defendant's theory that he had authority to sell the horse.

**2.—Same—Sufficiency of Evidence.**

Where upon trial for embezzlement of·a horse, the testimony clearly supported the State's case, the conviction was sustained.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of the embezzlement of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of embezzlement and his punishment assessed at two years confinement in the State penitentiary.

Appellant complains of the following clause of the court's charge: "Evidence to the effect that the defendant took the notes from Yarbrough, payable to himself, and to the effect that he cashed and appropriated the money for said notes, may be considered by you in passing upon whether or not the defendant at the time he disposed of the horse described in the indictment, entertained the fraudulent intent to appropriate the said horse to his own use and deprive the owner of the value of the said horse, and for no other purpose." Appellant was working for the Hall Music Company, in Erath County, as agent, to sell musical instruments. He sold a piano to one J. L. Yarbrough, taking therefor two notes and a horse. The notes, instead of being taken as his instructions required, in the name of the Hall Music Company, blank notes to this effect being furnished him, were in his own name, he scratching out "Hall Music Company." One of the notes was for $100, and the other for $50. As part payment for the piano he also received a horse, which horse he sold as the State insists without the knowledge or consent or authority of the Hall Music Company. Appellant insists that he had authority to sell the horse. Then, as suggested by the learned trial court, to rebut appellant's insistence, it was proper for the court to admit testimony of the sale of the notes taken contemporaneously with the taking of the

horse in payment of the piano, as a circumstance to rebut the idea insisted upon by appellant as a defense; and the charge above very aptly covered the only reason and basis for a consideration of said testimony by the jury. Appellant was only indicted in this case for stealing a horse and certainly it was right to tell the jury that, if the fraudulent appropriation of the notes taken at the same time appellant took the horse could be a predicate for convicting him for embezzling the horse that such testimony was very pertinent to show his fraudulent intent in taking it.

The only other insistence in the motion for new trial is that the verdict of the jury is contrary to the law and the evidence. The testimony clearly supports the State's case. In fact, there can be no cavil over the question that appellant was guilty of a palpable embezzlement of his employer's horse.

The judgment is affirmed.

*Affirmed.*